**John LALLY and Regina Lally, Plaintiffs–Appellants,**

v.

**CRAWFORD COUNTY TRUST & SAVINGS BANK, Defendant– Appellee.**

**No. 90–775.**

Court of Appeals of Iowa.

Sept. 24, 1991.

Robert Kohorst of Kohorst Law Firm, Harlan, for appellants.

James B. Cavanaugh of Erickson & Sederstrom, P.C., Omaha, Neb., and James D. Lohman of Reimer, Lohman & Reitz, Denison, for appellee.

Considered by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This is an appeal from the trial court's denial of a former landowner's claim that a state bank denied them a right to purchase land taken by the bank in satisfaction of their debts. We affirm.

Plaintiffs-appellants John Lally and Regina Lally gave a mortgage on 160 acres of farmland to defendant-appellee Crawford County Trust & Savings Bank. The defendant foreclosed the mortgage, and in 1982 purchased the land at a sheriff's sale. The plaintiffs then filed for bankruptcy. In 1983 plaintiffs sued defendant on claims not material to this litigation. The case was tried to a jury that awarded plaintiffs nearly $50,000. The defendant appealed, and while the appeal was pending a settlement was reached that resulted in plaintiffs receiving their forty acre homestead out of the 160 acres and the defendant receiving the remaining 120 acres.

In 1987 the plaintiffs contacted the defendants several times about buying the remaining 120 acres. In November 1987 the defendant received an offer to purchase the property from a third party. The de-

fendant agreed to the offer, subject to the plaintiffs' rights. The contract had a closing date of December 15, 1987. A letter dated November 17, 1987, was prepared outlining the third party's offer and advising the plaintiffs they had twenty days to meet it. It is not clear when the plaintiffs received the letter. The defendant contends plaintiffs received the letter one or two days after November 17.

On December 10, 1987, plaintiff John Lally contacted an officer of the defendant bank and told him plaintiffs could put something together on the purchase. The officer told John his option had expired. On December 15, 1987, the defendant sold to the third party. Plaintiffs then sued defendant and the third party seeking to enforce their claimed right to buy the property. The third party ultimately sold the property to plaintiffs for about $100 an acre more than they had paid defendant for the property. At that point, plaintiffs dismissed the suit against the third party and amended their claim against the defendant to ask for the extra $100 an acre they paid. The case was tried, and the trial court entered judgment for the defendant.

The plaintiffs appeal, contending (1) the trial court erred in determining plaintiffs waived their right of first refusal in a settlement agreement, and (2) in finding the defendant complied with the statute in offering plaintiffs a right of first refusal.

The Iowa banking law contains a provision governing assets acquired by state banks to satisfy debts. The provision known as section 524.910 of the Code provides, among other things, for the length of time a state bank can hold real property acquired by conveyance or purchased at sales on foreclosure of mortgages, and provides in part:

> *       *       *       *       *       *

Before the state bank sells or otherwise disposes of agricultural land held pursuant to this subsection, the state bank shall first offer the prior owner the op-

portunity to repurchase the agricultural land on the terms the state bank proposes to sell or dispose of the agricultural land.

Iowa Code § 524.910.[1]

The defendant had obtained the plaintiffs' land through purchase at a sheriff's sale after foreclosure, and therefore was subject to this provision on sale. *See Emmet County State Bank v. Reutter*, 439 N.W.2d 651, 655 (Iowa 1989).

■ The first question is whether the trial court was correct in concluding plaintiffs gave up their right under this section by a settlement agreement. The settlement agreement provided, among other things, the plaintiffs "shall have no right to the other 120 acres of the quarter section that was purchased by the Bank at a foreclosure sale and the Bank shall have no obligation to sell or to grant any rights in the other 120 acres to the debtors (plaintiffs)."

Clearly, it was the intent of the legislature in enacting the applicable section to make it possible for farmers affected by the farm crisis of the mid–80s to regain their farmland. *See Knepper v. Monticello State Bank*, 450 N.W.2d 833, 837 (Iowa 1990); *Reutter*, 439 N.W.2d at 655. The section favors a prior owner and places a minimal burden on the state bank. *Knepper*, 450 N.W.2d at 837. The relations between a state bank and their borrowers are particularly within the police power of the state. *Id.*

Considering the legislature's intent to allow the right, we do not strain to find the plaintiffs abandoned the right in the settlement. We therefore need not determine whether the right can be waived.

We must determine whether the defendant in fact offered the land to the plaintiffs as required by the statute. The statute gives no direction as to how the state bank is to provide the opportunity to the former landowner to purchase the agri-

---

1. The 1990 amendment, in subsection 2, deleted the fifth sentence, which read: "Before the state bank sells or otherwise disposes of agricultural land held pursuant to this subsection, the state bank shall first offer the prior owner the opportunity to repurchase the agricultural land on the terms the state bank proposes to sell or dispose of the agricultural land."

cultural land on the terms the state bank proposes to sell or dispose of the agricultural land.

The defendant knew the plaintiffs were desirous of repurchasing the land. The plaintiffs had conveyed their desire to defendant and had on May 21, 1987, made an unsolicited offer to purchase the land for $43,200, with the plaintiffs retaining all proceeds from the CRP. The defendant never responded to the plaintiffs' offer, and by its terms, the offer expired on June 1, 1987. The offer made on November 17, 1987, by the third parties, was for $48,000, with the defendant to retain $6,400 of the initial CPR bonus. In essence, the defendant agreed to sell the land in November for about $10,000 more than the plaintiffs had offered for the land in May. The defendant's action in not responding to the plaintiffs' offer, and in failing to contact the plaintiffs until *after* they had agreed to accept an offer, makes it quite clear it was not the defendant's intent to cooperate with the spirit of the legislation. The offer the plaintiffs made in May, and their subsequent purchase of the land from the third party, shows their desire to purchase the land as well as an ability to do so.

■ However, the fact remains the defendant did notify the plaintiffs of its intent to sell and asked the plaintiffs to respond within twenty days of the date of the letter. The statute does not prescribe the type of notice the state bank must give or the length of time it must provide the former owner to meet an offer. The supreme court found it unnecessary to address a challenge that the failure to prescribe the proper procedures rendered the statute vague in a case where no attempt had been made to comply with the statute. *Knepper*, 450 N.W.2d at 839. While the record is not clear when the notice was either mailed or received, plaintiffs clearly had the notice in sufficient time to notify the defendant of their intention within the specified date. The plaintiffs having failed to do so have no further remedies against the defendant.

We affirm.

AFFIRMED.